IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHELLEY SCHUCK, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:25-cv-1077 |
| | : | |
| v. | : | |
| | : | |
| BRYAN CURTIS BRADBURY | : | |
| | : | |
| and | : | |
| | : | |
| FRONTIER ENVIRONMENTAL, INC. (F.K.A. FRONTIER CONSTRUCTION COMPANY, INC.) | : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | : | |
| and | : | |
| | : | |
| FRONTIER GOLF, INC. | : | |
| | : | |
| Defendants. | : | |

Plaintiff Shelley Schuck hereby alleges as follows her Complaint against Defendants Bryan Curtis Bradbury, Fronter Environmental, Inc. (f.k.a. Frontier Construction Company, Inc.) and Frontier Golf, Inc.

## PARTIES

1. Ms. Schuck is, and at all times pertinent hereto was, a resident and citizen of the state of Michigan.

2. Based upon information and belief, Defendant Bryan Curtis Bradbury ("Defendant Bradbury") at all times pertinent hereto lived at 5316 Cavender Creek Rd., Dahlonega, GA 30533—and is therefore a citizen of Georgia.

3. Defendant Frontier Environmental, Inc. (f.k.a. Frontier Construction Company Inc.) is, and at all times pertinent hereto was, a corporation incorporated in Pennsylvania with its principal place of business located at 3826 RT 31 East, Jones Mills, PA 15646—and is therefore a citizen of Pennsylvania.

4. Defendant Frontier Golf, Inc. is, and at all times pertinent hereto was, a corporation incorporated in Pennsylvania with its principal place of business located at 3826 RT 31 East, Jones Mills, PA 15646—and is therefore a citizen of Pennsylvania.[1]

5. Defendant Bradbury was employed by the Frontier Defendants on the date of the incident described below.

## JURISDICTION & VENUE

6. The cause of action herein arises from a motor vehicle striking Ms. Schuck at Lakeshore Shell, 4559 Red Arrow Highway, Stevensville (Berrien County), Michigan on Friday, June 13, 2025.

7. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, as the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states.

8. As to Frontier Defendants, personal jurisdiction is proper in this Court under MCL § 600.715(1), (2), (3) and (5), because this action arises out of their entering into a contract for services to be performed and/or for materials to be furnished in Michigan by Frontier Defendants; their causation of acts to be done and consequences to occur in Michigan, resulting in this tort action; and their ownership, use and/or possession of tangible personal property within Michigan.

---

[1] Collectively, these entities are referred to as the "Frontier Defendants."

2

9.  As to Defendant Bradbury, personal jurisdiction is proper in this Court under MCL § 600.705(2) and (3), because this action arises out of his causation of acts to be done and consequences to occur in Michigan, resulting in this tort action; and his ownership, use and/or possession of tangible personal property within Michigan.

10. Venue for this action is proper in this Court because Defendants Bradbury and Frontier Defendants conducted activity that gave rise to Ms. Schuck's claims for relief in this District.

## FACTUAL BACKGROUND

### A.  The Incident

11. On June 13, 2025, at around 6:00 o'clock in the morning, Ms. Schuck was driving to work.

12. Ms. Schuck stopped at the Lakeshore Shell gas station and parked her car at one of the gas pumps.

13. Ms. Schuck entered the convenience store located in the Lakeshore Shell gas station to pre-pay for her gas.

14. Defendant Bradbury, who was working for Frontier Defendants, had also stopped at the Lakeshore Shell gas station to fill a 2023 Chevrolet Silverado 2500 HD (the "truck") with gas.

15. Frontier Defendants had dispatched Defendant Bradbury to Michigan to perform construction and/or landscaping work at a golf course located within this District.

16. After paying for her gas, Ms. Schuck exited the convenience store and began walking back to her parked vehicle.

17. As Ms. Schuck was walking toward her car, Defendant Bradbury pulled the truck out of the gas pump, turning left at an unreasonable speed under the circumstances. As he did so, Defendant Bradbury struck Ms. Schuck with the front of the truck, knocking her to the ground, and ran over her body.

18. The back tire of Defendant Bradbury's truck missed Ms. Schuck's head by inches.

19. Upon hearing a witness screaming for him to stop the truck, Defendant Bradbury braked and stopped, exited the truck, and saw Ms. Schuck.

20. Until seeing Ms. Schuck on the ground, Defendant Bradbury believed he had hit a traffic cone.

21. Defendants Bradbury had a duty to make reasonable efforts to check the roadway was clear before turning left.

22. Defendant Bradbury did not make reasonable efforts to check the roadway was clear before turning left.

23. Had Defendant Bradbury made reasonable efforts to check the roadway was clear before turning left at an unreasonably high speed, he would have seen Ms. Schuck and known to apply the brakes and wait until Ms. Schuck was out of the roadway before proceeding.

24. Had Defendant Bradbury been looking forward when he struck Ms. Schuck, he would have seen her and would have known to apply the brakes, and would not have run over her body.

25. Had Defendant Bradbury pulled away at an unreasonably high speed, he would have been able to timely apply the brakes and would not have run over Ms. Schuck's body.

26. Shortly after Defendant Bradbury struck and ran over Ms. Schuck, the Lincoln Township Police Department, located in Stevensville, MI, dispatched multiple police officers to Lakeshore Shell.

27. Ms. Schuck was taken by ambulance to Corewell Health Lakeland Hospital in St. Joseph, where she was admitted with multiple substantial injuries.

**B.    Defendant Bradbury's Relationship with Frontier Defendants**

28. Frontier Defendants provide a multitude of construction-related services, including construction of golf courses.

29. At all times relevant to this action, Defendant Bradbury was acting as an employee of Frontier Defendants and within the course and scope of his employment.

30. Defendant Bradbury was at the Lakeshore Shell gas station to pump gas into the truck provided to him by Frontier Defendants and was on his way to a site located within this District to perform construction and/or landscaping services on behalf of Frontier Defendants.

31. The truck was rented from Express 4x4 Truck Rental by Frontier Defendants.

32. The truck has a Gross Vehicle Weight Rating of 10,001 lbs. or higher.

33. The truck is, or has been, used in interstate commerce.

34. The truck is a "commercial vehicle" and is subject to the Federal Motor Carrier Safety Act ("FMCSA").

35. Any driver of the truck is subject to the Federal Motor Carrier Safety Act.

36. Upon information and belief, Defendant Bradbury does not possess the necessary credentials, training, or supervision to drive a vehicle that is designated a "commercial vehicle" under the FMCSA.

37. Defendant Bradbury's poor driving record, which includes moving violations, DUIs, and driving on a suspended license, demonstrates that no reasonable company would hire Defendant Bradbury for any position that involves driving a truck.

38. Upon information and belief, Frontier Defendants knew and/or should have known that Defendant Bradbury's history demonstrated a propensity for taking unreasonable risks while driving and violating traffic laws.

39. Frontier Defendants hired and retained Defendant Bradbury despite this knowledge.

40. Had Frontier Defendants not employed Defendant Bradbury, Defendant Bradbury would not have hit Ms. Schuck with the truck and then driven over her prone body.

41. Frontier Defendants placed Defendant Bradbury in charge of a large and heavy pick-up truck without providing to him or requiring him to complete appropriate training on how to drive a truck of that ilk—including but not limited to how to properly check blind spots.

42. Upon information and belief, the training provided by Frontier Defendants and/or required by Frontier Defendants falls short of the minimum standards required under the FMCSA.

43. Had Frontier Defendants properly trained Defendant Bradbury, Defendant Bradbury would not have hit Ms. Schuck with the truck and then driven over her prone body.

44. Frontier Defendants placed Defendant Bradbury in charge of a large and heavy pick-up truck without providing appropriate supervision for his driving.

45. In light of Defendant Bradbury's driving history, Frontier Defendants knew or should have known that Defendant Bradbury would need to be supervised while driving but provided no such supervision.

46. Upon information and belief, the supervision provided by Frontier Defendants falls short of the minimum standards required under the FMCSA.

47. Had Frontier Defendants provided appropriate supervision for Defendant Bradbury, Defendant Bradbury would not have hit Ms. Schuck with the truck and then driven over her prone body.

C. **Ms. Schuck's Injuries**

48. As of the date of this filing, Ms. Schuck has sustained the following injuries, among others, and remains in ongoing medical treatment:

 a. Six broken ribs, which required extensive surgery involving the installation of six metal plates and forty-six screws;

 b. A broken hip;

 c. A double fracture to her lower leg and ankle bones;

 d. A concussion;

 e. Extensive bruising covering her entire body;

 f. Approximately four weeks of hospitalization, of which half of that time spent in the intensive care unit; and

 g. Excruciating physical pain and suffering.

49. As a result of these physical injuries, Ms. Schuck has and will continue to:

 a. incur past, present, and future medical expenses;

 b. incur past and future lost wages;

 c. suffer severe pain and suffering, lessened mobility, and psychological injuries;

 d. have lessened enjoyment of normal functions of life; and

 e. suffer other injuries yet to be determined.

## COUNT ONE: NEGLIGENCE
### (against Defendant Bradbury)

50.     Ms. Schuck realleges by reference all previous paragraphs of this Complaint.

51.     At the time of incident described above, Defendant Bradbury was the operator and driver of the 2023 Chevrolet Silverado pickup truck.

52.     The incident described above occurred at the Lakeshore Shell, a place open to the general public as contemplated in Michigan Vehicle Code 257.626b.

53.     Under Michigan Vehicle Code 257.626b, *et al.*, Defendant Bradbury had a duty not to operate a vehicle in any place open to the general public in a careless or negligent manner likely to endanger any person or property.

54.     Additionally, Defendant Bradbury had a duty to act (*i.e.*, drive and operate the truck) in a manner that a reasonably prudent person would under similar circumstances.

55.     At the time of the incident described above, Defendant Bradbury violated these duties and operated the truck in a careless or negligent manner likely to endanger any person or property, including but not limited to, by:

   a.   Failing to thoroughly check his surroundings, including any of the truck's "blind spots," before operating the truck, including turning left across a walkway;

   b.   Pulling the truck away from the gas pump in such a manner and speed as to collide with Ms. Schuck; and

   c.   Failing to break and stop the pickup truck once it collided with Ms. Schuck, and instead continuing driving and operating the truck in such a manner and speed as to run over Ms. Schuck's prone body.

56.     As a direct and proximate result of Defendant Bradbury's negligence and carelessness, Ms. Schuck did suffer and will continue to suffer severe and extensive pain and

injuries, including but not limited to the impairment of bodily functions, and permanent and serious disfigurement.

57. Specifically, Ms. Schuck, at the time of this filing, has sustained injuries and damages listed above.

58. Defendant Bradbury's negligence has caused damage to Ms. Schuck in an amount to be proven at trial, but well in excess of $75,000.

## **COUNT TWO: NEGLIGENCE (RESPONDEAT SUPERIOR)**
**(against all Frontier Defendants)**

59. Ms. Schuck realleges by reference all previous paragraphs of this Complaint.

60. Frontier Defendants are responsible to Ms. Schuck for the negligence of their employee, Defendant Bradbury.

61. At the time of the incident described above, Defendant Bradbury was acting within the scope of his employment and/or agency with Frontier Defendants, including but not limited to:

   a. Driving to a site to perform construction or landscaping services on behalf of Frontier Defendants in a truck rented and insured by Frontier Defendants; and

   b. Filling up the truck rented by Frontier Defendants with gas to make the drive to a site to perform construction or landscaping services on behalf of Frontier Defendants.

62. As a direct and proximate result of Defendant Bradbury's negligence and carelessness while engaged in activities for which he was employed, Ms. Schuck did suffer and will continue to suffer severe and extensive pain and injuries, including but not limited to the impairment of bodily functions, and permanent and serious disfigurement.

63. Frontier Defendants have caused damage to Ms. Schuck in an amount to be proven at trial, but well in excess of $75,000.

## **COUNT THREE: NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION**
**(against all Frontier Defendants)**

64. Ms. Schuck realleges by reference all previous paragraphs of this Complaint.

65. Frontier Defendants are Pennsylvania companies whose hiring practices are subject to Pennsylvania laws.

66. An employment relationship exists between Frontier Defendants and Defendant Bradbury.

67. Defendant Bradbury's driving record demonstrates a propensity for taking unreasonable risks while driving and violating traffic laws.

68. Frontier Defendants knew or should have known that Defendant Bradbury had a propensity for taking unreasonable risks while driving and violating traffic laws.

69. Frontier Defendants negligently hired and retained Defendant Bradbury and put in in control of a large and heavy truck.

70. The truck is a "commercial vehicle" and is subject to the Federal Motor Carrier Safety Act ("FMCSA").

71. Any driver of the truck is subject to the Federal Motor Carrier Safety Act.

72. Upon information and belief, Defendant Bradbury does not possess the necessary credentials, training, or supervision to drive a vehicle that is designated a "commercial vehicle" under the FMCSA.

73. Frontier Defendants failed to provide Defendant Bradbury with appropriate training before allowing him to drive a large and heavy truck.

74. Frontier Defendants failed to provide Defendant Bradbury with appropriate supervision while allowing him to drive a large and heavy truck.

75. Frontier Defendants negligently trained and supervised Defendant Bradbury.

76. Frontier Defendants' negligent hiring, retention, training, and supervision directly and proximately caused Ms. Schuck's injuries.

77. Had Frontier Defendants not employed Defendant Bradbury, or had Frontier Defendants properly trained and supervised Defendant Bradbury, Defendant Bradbury would not have hit Ms. Schuck with the truck and then driven over her prone body.

78. Frontier Defendants' have caused damage to Ms. Schuck in an amount to be proven at trial, but well in excess of $75,000.

79. Frontier Defendants' negligent hiring, retention, training, and supervision of Defendant Bradbury was so beyond the pale that it constitutes willful, wanton, or reckless conduct warranting the award of punitive damages.

## COUNT FOUR: NEGLIGENT ENTRUSTMENT
### (against all Frontier Defendants)

80. Ms. Schuck realleges by reference all previous paragraphs of this Complaint.

81. Given, Defendant Bradbury's poor driving record, which includes moving violations, DUIs, and driving on a suspended license and that Defendant Bradbury does not possess the necessary credentials, training, or supervision to drive the truck, Frontier Defendants were negligent in entrusting the truck to Defendant Bradbury.

82. Defendant Bradbury's actions when driving the truck were negligent and reckless.

83. Frontier Defendants' negligent entrustment of a vehicle to Defendant Bradbury was so beyond the pale that it constitutes willful, wanton, or reckless conduct warranting the award of punitive damages.

84. Frontier Defendants' have caused damage to Ms. Schuck in an amount to be proven at trial, but well in excess of $75,000.

WHEREFORE, Plaintiff Shelley Schuck respectfully requests that this Honorable Court award her damages, including compensatory against all Defendants in an amount to be determined that is in excess of $75,000.00, punitive damages, her reasonable attorney fees, and costs incurred in connection with this action, pre- and post-judgment interest, and any additional relief deemed fair and appropriate under the circumstances.

## JURY DEMAND

Plaintiff Shelley Schuck hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Alexander J. Durst*
Alexander J. Durst (OH Bar No. 0089819)
Paul R. Kerridge (OH Bar No. 0092701)
Durst Kerridge LLC
600 Vine Street, Suite 1920
Cincinnati, OH 45202
Tel: (513) 621-4999
Fax: (513) 621-0200
Email: alex@durst.law
       paul@durst.law

*Attorneys for Plaintiff*